# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DAVID BERTHA,**  **Plaintiff,**  v.  **KANE COUNTY, JUDGE MICHAEL SULLIVAN, JUDGE JUDITH BRAWKA, JUDGE RITA GARMEN, JUDGE JOHN BARSANTI, DONALD KRAMER, SCOTT FLOWERS, GREGORY FLOWERS, JOHN GRIMES, CHAD CALHOUN, JOHN PEARSON, PERPARIM OSMANI, JODY GLEASON, GORDON SHEEHAN, SALVATORE LOPICCOLO, JOSEPH McMAHON, PATRICK GENGLER, JUDGE ELIZABETH FLOOD, and PATRICK PEREZ,**  **Defendants.** | Case No. 16 C 4982  Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are three separate Motions to Dismiss: the Judicial Defendants' Motion to Dismiss (ECF No. 61), the State's Attorney Defendants' Motion to Dismiss (ECF No. 66), and the Kane County Defendants' Motion to Dismiss (ECF No. 68). For the reasons stated herein, the Judicial Defendants' and the State's Attorney Defendants' Motions to Dismiss are granted. The Kane County Defendants' Motion to Dismiss (ECF No. 68) is granted in part and denied in part as explained below.

## I. BACKGROUND

David Bertha ("Bertha"), a former lawyer, was arrested twice for trespassing at the Kane County jail after he had been banned from the property. (*See* 2d Am. Compl. ¶¶ V-XIV, Dkt. No. 54; Mem. to Am. Compl. at 1-5, Dkt. No. 57.) The arrests led to charges against Bertha for criminal trespassing. *Id.* Based on events that occurred during the subsequent criminal proceedings, Bertha was also charged with four counts of direct criminal contempt. *Id.* Bertha alleges all charges are without basis. *Id.* While criminal state proceedings were pending, Bertha filed this federal suit against an array of state court judges, prosecutors, and law enforcement officials who participated in his criminal court proceedings, alleging violations of his constitutional rights under 28 U.S.C. § 1983. *Id.*

This Court dismissed Bertha's Complaint with prejudice but did not consider his recently-filed Amended Complaint before doing so. The Seventh Circuit vacated the dismissal and remanded for further proceedings, directing this Court to consider Bertha's Amended Complaint (Dkt. No. 31) and Memorandum of Law (Dkt. No. 32). After remand, Bertha filed a Second Amended Complaint (Dkt. No. 54) along with a Memorandum of Law (Dkt. No. 57). The Court will consider this latest Complaint as the operative Complaint.

The Second Amended Complaint drops some Defendants and adds others. The Complaint drops claims against Robert Beaderstadt, Robert Wilbrandt, Alexandra Tsang, Corey Hunger, Donald Smith, Charlie Conklinin, Scott McKanna, Andrew Schwab, Thomas Durham, Brandon Gentry, William Gatske, and Jack Pearson. The claims against those parties are hereby dismissed. Bertha also adds several new Defendants, namely: Kane County, John Pearson, Jody Gleason, Patrick Gengler, and Patrick Perez. The claims against Chad Calhoun, Donald Kramer, Judge Elizabeth Flood, Gordon Sheehan, Gregory Flowers, Judge John Barsanti, John Grimes, Joseph McMahon, Judge Judith Brawka, Judge Michael Sullivan, Patrick Perez, Perparim Osmani, Judge Rita Garman, Salvatore Lopiccolo, and Scott Flowers remain.

For simplicity's sake, the Court refers to the Defendants in three groups: the Judicial Defendants, the State's Attorney Defendants, and the Kane County Defendants. The Judicial Defendants include current or retired state judges: Judge Michael Sullivan, Judge Judith Brawka, Judge Rita Garman, Judge John Barsanti, and Judge Elizabeth Flood. The State's Attorney Defendants include three current Assistant State's Attorneys: Jody Gleason, Salvatore LoPiccolo, and Joseph McMahon. And the Kane County Defendants include Kane County itself and current and former employees of the Kane County Sheriff's Office: Donald Kramer, Scott

Flowers, Gregory Flowers, John Grimes, Chad Calhoun, John Pearson, Perparim Osmani, Gordon Sheehan, Patrick Gengler, and Patrick Perez.

Before the Court are Defendants' three Motions to Dismiss. The Court will consider each in turn.

## I. **DISCUSSION**

### A. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must state a claim that is plausible on its face." *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). When considering motions to dismiss under Rule 12(b)(6), a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences therefrom in favor of the non-moving party. *See, e.g., Jakupovic v. Curran,* 850 F.3d 898, 902 (7th Cir. 2017).

### B. Judicial Defendants' Motion to Dismiss

Bertha sued multiple judges that oversaw or participated in his various criminal cases in state court. These claims, however, are barred by judicial immunity. Judicial immunity "shields judges from civil liability for their judicial actions." *Brokaw v. Mercer Cty.,* 235 F.3d 1000, 1015 (7th Cir. 2000) (citation omitted). "The principle of judicial immunity recognizes that 'although

unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* (quoting *Mireles v. Waco,* 502 U.S. 9, 10 (1991)). Judicial immunity will still apply "even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 1015 (citing *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). "Judicial immunity extends to acts performed by the judge in the judge's judicial capacity." *Dawson v. Newman,* 419 F.3d 656, 661 (7th Cir. 2005) (internal quotation marks and citation omitted).

All of Bertha's claims concerning the Judicial Defendants' alleged actions fail for the same reason: These are all acts or omissions undertaken by the judges in their judicial capacities as part of their duties related to Bertha's criminal cases. *See id.* Specifically, Bertha claims the Judicial Defendants acted unconstitutionally by: "entering a conviction on the charge of direct criminal contempt" (2d Am. Compl. ¶¶ IX), "proceeding with a retrial after vacating his contempt conviction" (*id.* ¶ X), entering orders to have *ex parte* communications filed with the

clerk's office (Mem. to 2d Am. Compl.), transferring a case to another judge (*id.*), and issuing an arrest warrant (*id.*). All such actions were performed within the Defendants' judicial capacities and so Bertha's claims against them are barred by judicial immunity.

The one other allegation worth noting is the allegation that "Retired-Chief Judge Brawka and Judge Flood denied [Bertha] due process rights by suppressing and concealing evidence" (2d Am. Compl. ¶ VIII). As best this Court can tell, this allegation refers to Judge Flood's submission of an affidavit in response to Bertha's petition for substitution of judge for cause pursuant to 735 ILCS 5/2-1001(a)(3)(iii). Illinois law allows the originally-assigned judge to file an affidavit in response to a petition for substitution of judge for cause. *See* 735 ILCS 5/2-1001(a)(3)(iii). The judge who hears the petition may consider the original judge's affidavit. Judge Flood followed this procedure on Bertha's petition to substitute Judge Flood for cause. Bertha argues that Judge Flood is not immune from suit for filing an affidavit that, in his words, obstructed justice. However, this too narrowly construes the scope of judicial immunity. The filing of the affidavit pursuant to 735 ILCS 5/2-1001(a)(3)(iii) can only be performed by a judge and Section 1001(a)(3)(iii) specifically allows the judge named in a petition—here, Judge Flood—to file

such an affidavit. Judge Flood did so in accordance with the statute and in her capacity as a judge. Thus, this action is also protected by judicial immunity.

Accordingly, the claims against the Judicial Defendants are dismissed with prejudice.

### C. State's Attorney Defendants' Motion to Dismiss

Bertha alleges that the State's Attorney Defendants denied Bertha due process "by bringing . . . the charge of direct criminal contempt" (2d Am. Compl. ¶ IX) and "by proceeding with a retrial after vacating his contempt conviction" in violation of his double jeopardy rights (*id.* ¶ X).

At least some of Bertha's claims are barred by the statute of limitations. The statute of limitations for a Fourteenth Amendment due process claim in Illinois is two years. *Cunliffe v. Wright,* 51 F. Supp. 3d 721, 732 (N.D. Ill. 2014); *see also Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir. 1998) ("[T]he appropriate statute of limitations for § 1983 cases filed in Illinois is two years as set forth in 735 ILCS § 5/13-202"). Bertha filed his original Complaint on May 5, 2016, and so any claims related to conduct occurring prior to May 5, 2014 are barred, including his allegations related to hearings occurring in April 2014.

To the extent that Bertha's claims are not time-barred, they are barred by absolute prosecutorial immunity. "Prosecutors are

absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). "A prosecutor is shielded by absolute immunity when he acts 'as an advocate for the State' but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings." *Id.* (citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)). To determine whether an official is entitled to immunity, courts look at the "nature of the function performed." *Forrester v. White,* 484 U.S. 219, 227 (1988) ("[I]mmunity is justified and defined by the functions it protects and serves, not by the persons to whom it attaches.").

Bertha alleges that ASA LoPiccolo and other Assistant State's Attorneys wrongfully prosecuted him on four counts of contempt while acting in an investigatory capacity. In support, Bertha cites to a narrative supplement from the Kane County Sheriff's Office. But the ASAs' actions mentioned in the narrative supplement do not show the ASAs acting in an investigatory capacity. Rather, it shows that non-ASA detectives conducted the relevant investigation; the ASAs merely provided those detectives with information concerning possible leads. The narrative thus contradicts, rather than supports, Bertha's allegations. Outside

of the narrative, Bertha points to no facts that show the ASAs acted in an investigatory capacity. Simply put, Bertha's constitutional allegations against the ASAs relate to their actions as prosecutors. For example, he alleges that the ASAs prosecuted him in retaliation for the *ex parte* letters he sent. Regardless of the improper motivation alleged, the core of his claim is that the prosecutors wrongfully prosecuted him. *See Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2003) ("[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (internal quotation marks and citation omitted)). This claim runs right into the shield of prosecutorial immunity. The same shield bars Bertha's allegations that Kane County prosecutors violated his double jeopardy rights by proceeding with a retrial after his contempt conviction was vacated. (2d Am. Compl. ¶ X.) Taking a case to trial—a core aspect of a prosecutor's duties—falls directly within the scope of prosecutorial immunity.

Accordingly, the claims against the State's Attorney Defendants are dismissed with prejudice.

### D. Kane County Defendants' Motion to Dismiss

As discussed above, the two-year statute of limitations bars a portion of Bertha's claims. *See Ashafa,* 146 F.3d at 461 ("[T]he appropriate statute of limitations for § 1983 cases filed in

Illinois is two years as set forth in 735 ILCS § 5/13-202"). Again, any claims related to conduct prior to May 5, 2014 are barred. Bertha alleges that he was "banned . . . from the Kane County jail without due process" (2d Am. Compl. ¶ V), that "Kane County law-enforcement officials . . . twice arrest[ed] [him] for trespassing without probable cause" (*id.* ¶ VI), and that "Kane County law-enforcement officials . . . fail[ed] to bring him before a judge to find probable cause for his arrest and set bail" (*id.* ¶ VII). Bertha was banned from the jail on October 20, 2013 and arrested for criminal trespass on October 26, 2013 and a second time five days later, on October 31, 2013. (Mem. to 2d Am. Compl. 2-3.) Since these events occurred well over two years before his federal suit was filed on May 5, 2016, these claims are untimely and thus dismissed with prejudice.

Before reaching the merits on the rest of Kane County Defendants' 12(b)(6) arguments, the Court must first consider whether it should abstain under *Younger v. Harris,* 401 U.S. 37 (1971). Although Defendants did not argue *Younger* abstention, the Court may raise the issue *sua sponte*. *See Capra v. Cook Cnty. Bd. of Review,* 733 F.3d 705, 713 n. 5 (7th Cir. 2013). *Younger* abstention "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."

*FreeEats.com, Inc. v. Indiana,* 502 F.3d 590, 595 (7th Cir. 2007) (citing *Younger,* 401 U.S. at 43-44). The rule is based on principles of comity. *See Samuels v. Mackell,* 401 U.S. 66 (1971). "*Younger* abstention ensures that individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts: 'If a person is believed to have violated a state law, the state has instituted a criminal disciplinary or other enforcement proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding.'" *Forty One News, Inc. v. Cty. of Lake,* 491 F.3d 662, 665 (7th Cir. 2007) (quoting *Nader v. Keith,* 385 F.3d 729, 732 (7th Cir. 2004) (alterations omitted)). "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). *Younger* abstention traditionally barred claims for injunctive relief but has been extended to bar damages actions as well. *Simpson v. Rowan,* 73 F.3d 134, 137-38 (7th Cir. 1995).

Bertha's remaining claims against Kane County law enforcement are as follows: Bertha alleges that Kane County law enforcement "threatened, physically assaulted, and removed him from the Kane

County courthouse without cause during trials" (2d Am. Compl. ¶ XI), "subjected him to an unreasonable strip search while he was serving his sentence for contempt" (*id.* ¶ XII), "plac[ed] him in segregated housing during that sentence without cause" (*id.* ¶ XIII), and a Kane County sheriff's deputy "breach[ed] privileged attorney client communication" (*id.* ¶ XIV). Bertha's claims related to his removal from the courthouse and the breach of privilege fall within the scope of *Younger* abstention. Bertha's criminal cases remain pending in the Circuit Court of Kane County, *see* 14 CC 20; 13 CM 4533; 13 CM 4615, and were initiated before this federal suit. These claims are closely related to the state court criminal proceedings—the events having occurred during the proceedings—and are thus barred by *Younger* given that "the potential for federal-state friction is obvious." *Simpson,* 73 F.3d at 138. The federal courts should not be policing ongoing state court proceedings. Certainly, Bertha's constitutional claims require a forum, but *Younger* teaches that the proper forum lies within the state proceeding. This Court concludes that *Younger* abstention applies and will decline to exercise its jurisdiction on the above-described claims.

However, although the Court will not involve itself with ongoing criminal state proceedings, the Court notes that Bertha's damages claims cannot be vindicated there. Federal courts facing

such claim stay, rather than dismiss, them. *See Simpson,* 73 F.3d at 138-39; *Ewell v. Toney,* 853 F.3d 911, 916 (7th Cir. 2017). Since Bertha seeks monetary relief in his claims against the Kane County Defendants, those claims must be stayed until the state criminal proceedings have been fully resolved. *See Ewell,* 853 F.3d at 916; *Gakuba v. O'Brien,* 711 F.3d 751, 753 (7th Cir. 2013). The Court is unsure of the current status of the state court criminal proceedings. The parties are directed to notify the Court when the pending state actions are concluded. Until then, the claims against the Kane County Defendants not barred by the statute of limitations are stayed, outside of the two claims described below.

That leaves two claims remaining. Bertha alleges that law enforcement officials "subject[ed] him to an unreasonable strip search while he was serving his sentence for contempt" (2d Am. Compl. ¶ XII) and "plac[ed] him in segregated housing during that sentence without cause" (*id.* ¶ XIII). These two claims are discrete from the state court criminal proceedings and are thus not barred by *Younger* abstention.

A detainee may state a constitutional claim if he was subjected to an unreasonable search. *See Bertha v. Sullivan,* 719 F. App'x 516, 520 (7th Cir. 2017) (noting that a "strip search may support Eighth Amendment claim if 'conducted in a harassing manner

intended to humiliate and inflict psychological pain'" (quoting *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003))). Thus, Bertha's allegations related to being unreasonably search while serving his sentence for contempt may proceed against Scott Flowers and Perparim Osmani. However, his *Monell* claim based on the same conduct is dismissed without prejudice for failing to allege facts that demonstrate a widespread practice in Kane County. *See Martinez v. Sgt. Hain,* No. 16-CV-2237, 2016 WL 7212501, at *5 (N.D. Ill. Dec. 13, 2016). A citation to one previous case against Kane County is insufficient.

Turning to the last claim: Bertha's claim related to his placement in segregated housing faces another roadblock. Bertha failed to specify the individual Defendant that caused the deprivation of his constitutional rights. A constitutional claim must specify the individual who caused the deprivation: "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan,* 37 F.3d 1240, 1248 (7th Cir. 1994). The claim is dismissed without prejudice for failing to state a claim.

### III. CONCLUSION

In conclusion, for the reasons stated herein, the Judicial Defendants' and the State's Attorney Defendants' Motions to Dismiss are granted on the basis of judicial and prosecutorial immunity, respectively. Kane County Defendants' Motion to Dismiss is granted in part and denied in part. Bertha's claims related to his arrest and subsequent detention are dismissed with prejudice based on the statute of limitations. His claims related to the state criminal proceedings pending against him are stayed under *Younger*. His unreasonable-search claim may proceed against the individual Defendants, but the *Monell* claim is dismissed without prejudice. Finally, Bertha's segregation claim is dismissed without prejudice.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 8/27/2018